IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. BESING, Individually and
Derivatively on Behalf of ENVIRONMENTAL
ADAPTATIONS, INC., a Texas corporation,

        Plaintiff,

vs.                                             Civ. No. 95-1193 MV/WWD

JERRY FRANCE, et al.,

        Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

      This matter comes before the Court upon the Motion to Compel Answers to Interrogatories Propounded by Defendant Ellis Vickers [docket no. 124].  Vickers seeks an order compelling complete and non-evasive answers to interrogatories numbered 10, 11, 19, 20, 21, 22, 23, and 26.

<u>Interrogatory 10</u>

      Interrogatory 10 requests Plaintiff to sign a "medical authorization" which would allow Vickers to make inquiries of those persons or entities providing medical care to Plaintiff. Plaintiff's health has been put into issue in this lawsuit.  Plaintiff objects to the interrogatory on the ground that "it is not an interrogatory under Rule 33" and various other objections which are not worthy of discussion.  There is no question but that Plaintiff should execute a medical release form; however, I will not compel such execution based on this purported interrogatory.

1

Interrogatory 11

This interrogatory seeks information concerning medical and psychological treatment of Plaintiff by individuals and other entities.  The objections to this interrogatory are not well taken and overruled.  Plaintiff should answer this interrogatory completely and nonevasively.

Interrogatory 19

This interrogatory requests that Plaintiff "identify each and every predicate act you contend was committed by Ellis Vickers."  Subject to the duty to supplement interrogatories, the answer given by Plaintiff is adequate and responsive.

Interrogatories 20 & 21

Vickers asks Plaintiff to identify oral and written fraudulent statements which Plaintiff contends were made by Vickers, and Plaintiff responds that he cannot identify such statements. Subject to his duty to provide further information should such information be developed, this answer is sufficient for purposes of the interrogatory.  I do not address any Rule 11 ramifications that might arise from specious or unfounded assertions.

Interrogatory 22

This contention interrogatory seeks "each and every material fact" which was concealed from Plaintiff by Vickers.  The answer is vague and non-specific; for example, "one or two of the original incorporators" are referred to but not identified, "a larger profit than they were entitled to" is referred to without being tied to anything specific, and "a corporate opportunity" is mentioned with no explication whatsoever.  Plaintiff should give a complete and nonevasive response to interrogatory 22 if there are indeed any facts upon which the allegations referred to are based.

2

Interrogatory 23

This interrogatory seeks to identify persons who relied upon alleged misrepresentations and non-disclosure by Vickers.  The only person identified is Plaintiff.  Plaintiff makes no showing of any specific harm done to anyone by the alleged misrepresentations or nondisclosure.  Plaintiff will be required to make a complete and nonevasive response to Interrogatory 23 setting out the identity of each and every person known to him who relied upon any misrepresentations or nondisclosures by Vickers as well as any damage suffered by those persons or by Plaintiff.

Interrogatory 26

Interrogatory 26 reads as follows:

> State the conduct of Ellis Vickers you contend aided and abetted
> any criminal act.  Indicate the act you contend was unlawful, who
> committed the unlawful act and the manner in which you contend
> Ellis Vickers aided and abetted said unlawful act.

Plaintiff alleges that Mr. Vickers committed various acts; however, Plaintiff fails completely to indicate why any of the acts alleged are illegal.  Even if the acts committed by Vickers were utilized by others in misrepresentations which may have been illegal, there is no showing that this was done with the cooperation, knowledge, or consent of Vickers.  In short, the response simply does not show any illegal activity on the part of Vickers.  Plaintiff shall be required to answer this interrogatory completely and nonevasively setting out any nexus between Vickers and the other individuals mentioned in the interrogatories as well as the specific illegal acts which are alleged against those individuals as well as Vickers.

All responses due under the foregoing shall be served on or before April 7, 1998.  I find that reasonable attorney fees incurred by Defendant Ellis Vickers in connection with the instant

motion would be at least $150.00.  This amount should be paid to Defendant Vickers by Plaintiff at the time the responses required above are served.

This cause should proceed in accordance with the foregoing.

**IT IS SO ORDERED**.

UNITED STATES MAGISTRATE JUDGE