IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. BESING, Individually and
Derivatively on Behalf of ENVIRONMENTAL
ADAPTATIONS, INC., a Texas corporation,

        Plaintiff,

vs.                                                          Civ. No. 95-1193 MV/WWD

JERRY FRANCE, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court upon a Motion to Compel Production of Documents and Recordings Requested by Defendant Ellis Vickers ("defendant"), filed March 27, 1998 [141-1]. In his initial response to defendant's request for production, plaintiff asserted either attorney-client privilege and/or work-product doctrine to Requests For Production Nos. 1-6, 8-9, 11-12 and 14-18. Plaintiff supplemented his response with lengthy privilege logs. The present motion concerns portions of the first privilege log (items 1-12, 60, 64 and 72, 78, 81, 121, 127, 165, 210 and 233), and all parts of the second log, which pertains to numerous tape recordings. Mem., Exs. C&D.

An initial review of the document descriptions in the privilege logs suggests a generally overzealous claim of protection under Fed.R.Civ.P. 26(b)(5). As one example, the descriptions for items 1 - 12 of the first privilege log (legal bills from Baker & Botts) are insufficient to show that these documents are privileged. See Barclaysamerican Corp. v. Kane, 746 F.2d 653, 656

(10th Cir. 1984) (party asserting privilege has burden of establishing that it is applicable). Nothing in the present log suggests they contain more than fee amounts and the general nature of services performed, which would not be entitled to protection from disclosure. See Clarke v. American Commerce Nat'l Bank, 974 F.2d 127, 129 (9th Cir. 1992).[1]

In fairness to both parties' interests, I am not presently ruling on most of the individual items raised in the briefs, but instead offer guidance on which the parties should rely when making another attempt to resolve these matters themselves. See Marshall v. Ford Motor Co., 446 F.2d 712, 713 (10th Cir. 1971) (protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion); see also O'Malley et al v. United States Fidelity & Guaranty Co., 776 F.2d 494, 499 (5th Cir. 1985) (trial court has broad discretion on discovery issues).

I am allowing plaintiff an opportunity to revisit the wholesale objections made in the responses. He would be well-advised to review the privilege logs with a critical eye, assuring that remaining items contain sufficient descriptions to aid both the Court and defendant in determining the nature of the document and evaluate the privilege claim. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.., 159 F.R.D. 562, 567 (D.Kan. 1994). I also strongly urge plaintiff to produce material in response to defendant's discovery requests where a dispute may be plausible but not realistic, given the broad scope of discovery in federal courts. See In re Westinghouse Elec. Corp. v. Adams, 570 F.2d 899, 902 (10th Cir. 1978). Plaintiff should also provide information as to underlying facts about which he has knowledge, since the attorney-client privilege only protects disclosure of communications and not disclosure of the underlying facts by

---

[1] The log merely states: "Baker & Botts . . . Bill for _____." Mem., Ex. C.

those who communicated with the attorney.  Upjohn Co. v. United States, 449 U.S. 383, 395 (1981).[2]

I do make a general finding with regard to the second privilege log containing tape recordings.  Without deciding whether they were in fact prepared in connection with litigation, I find that no privilege extends to any of the tape recordings in which any of the participants were not informed that their statements were being recorded.   Plaintiff seeks the protection of the work-product doctrine without the responsibilities that "make the adversarial system more civil."[3]  See Otto v. Box U.S.A. Group, Inc., 1997 WL 807118 (N.D.Ga. 1997) (extending responsibilities underlying the adversarial process to lay public and noting that *pro se* party is still expected to obey court rules).  Nondisclosure of an intention to record statements vitiates whatever work-product protection the tapes would otherwise deserve.  See Parrott v. Wilson, 707 F.2d 1262, 1271-72 (11th Cir.1983), cert. denied, 464 U.S. 936(1983) (citing ABA Committee on Professional Responsibility, Formal opinions, No. 337 (1974)); see also Sea-Roy Corporation v. Sunbelt Equipment & Rentals, Inc., 172 F.R.D. 179,183 (M.D.N.C.1997) (D.N.J.1994) (attorneys cannot even acquiesce in the practice by accepting a large number of tapes made by the plaintiff); Bogan v. Northwestern Mut. Life Ins. Co., 144 F.R.D. 51 (S.D.N.Y. 1992).

It is both premature and unnecessary to decide whether, as defendant argues, plaintiff has waived the attorney-client privilege under the "at issue" doctrine.  I will address this at a later time

---

[2] Plaintiff suggests that defendant obtain the "substance" of telephone conversations in privilege log items 64, 72 and 81 from third persons.  Resp. at 6.  This does not relieve plaintiff of the obligation to provide this information himself, if known, in the form of appropriate responses to defendant's discovery requests.

[3] Plaintiff does not dispute that the recordings were secretly made at a time when he was not represented by counsel.  Resp. at 9.

should there remain unresolved matters or privilege after this additional opportunity to confer, upon first determining whether plaintiff has sufficiently demonstrated that the privilege attaches to specific documents.  Future court intervention may require an *in camera* review.  However, plaintiff is cautioned that sanctions will be imposed should it become evident that plaintiff's objections are not based on valid claims of privilege and work-product, but part of an effort to delay production of materials during discovery.

**WHEREFORE**,

**IT IS ORDERED** that the Motion to Compel Production of Documents and Recordings Requested by Defendant Ellis Vickers ("defendant") [141-1] is hereby granted in part as delineated above, and hereby deferred in part;

**IT IS FURTHER ORDERED** that on or before June 4, 1998, plaintiff shall serve on defendant and shall deliver to the undersigned a revised privilege log, modified to reflect the above findings.

**IT IS FURTHER ORDERED**  that within ten days following production of the privilege log, parties shall meet and confer in an attempt to resolve or narrow the discovery matters raised in defendant's motion;

**IT IS FINALLY ORDERED** that each party shall bear its own costs and fees for filing this motion; provided, that this matter may be reopened if Plaintiff is found to have used dilatory practices in connection with this matter.

_____
UNITED STATES MAGISTRATE JUDGE