IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. BESING, Individually and
Derivatively on Behalf of
ENVIRONMENTAL
ADAPTATIONS, INC.,

       Plaintiffs,

vs.                                                                        No. CIV 95-1193 MV/KBM

JERRY FRANCE, MERVIN
CREAMER, MARGARET LEE,
LYNCO DISTRIBUTING, INC.,
GENE HEATLY, BOZARTH &
VICKERS, P.C., ELLIS VICKERS,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants Ellis Vickers' and Bozarth & Vickers' Motion for Sanctions, filed October 25, 1999 [Doc. No. 219]. The Court, having considered the pleadings, relevant law, and being otherwise fully informed, finds that the motion for sanctions is well taken in part and will be **granted in part and denied in part**.

### BACKGROUND

Plaintiff David Besing, acting *pro se*, filed his original Complaint in October of 1995. Plaintiff amended his Complaint twice before obtaining counsel. He then filed a Third Amended Complaint which includes a RICO claim based on predicate acts of mail and securities fraud, a securities fraud claim, and state law claims for breach of fiduciary duty, fraud and negligence. These claims were

brought individually and derivatively on behalf of Environmental Adaptations, Inc. ("EAI") and were based on allegations of wrongful conduct by Defendants Ellis Vickers' and Bozarth & Vickers ("Defendants") in representing EAI.

The Court granted summary judgment as to all claims against Defendants[1] in two Memorandum Opinions and Orders. The first Order, filed on July 14, 1999, granted Defendants summary judgment as to the federal law claims. The Court reviewed the three predicate acts underlying Plaintiff's RICO claim. First, Plaintiff pointed to Vickers' drafting of an Exclusive Distribution Rights Agreement ("EDRA") which gave Lynco Distributing, Inc. the exclusive right to buy all Grass Waffles manufactured by EAI and the exclusive right to sell the product in a particular area. Because this benefitted the common law wife of one of the EAI directors, Plaintiff complained that the EDRA constituted mail fraud. However, the Court found no evidence in the record that Vickers knew of this relationship. The second predicate act complained of by Plaintiff was that the EAI directors sought to file a new patent application in EAI's name which would be an improvement on Plaintiff's patent and would therefore supercede or be superior to Plaintiff's patent. The Court found that there was no evidence that Vickers knew of this scheme though he did recommend a patent attorney. Moreover, there was no evidence that the patent application was ever filed. The third predicate act which Plaintiff alleged had to do with certain technical violations in the way EAI stocks were sold. The Court found that there was no evidence either that EAI suffered any damages as a result of the alleged acts or that Vickers knew of them. Accordingly, the Court held that Plaintiff did not have standing to bring the RICO claim because he failed to create a disputed issue of material

---

[1] The Court also granted summary judgment as to the remaining defendants, but this Order only addresses Defendant Ellis Vickers and Bozarth & Vickers.

fact as to whether he or EAI suffered any damages as a result of the acts. The Court also held that Plaintiff had failed to show a disputed issue of material fact on the securities or mail fraud claims because there was no dispute about whether Vickers had knowingly participated in or made misrepresentations regarding the alleged EDRA scheme, patent plan, or fraudulent stock sales.

As well as granting summary judgment for Defendants on the federal claims, the Court granted Defendants leave to file a second motion for summary judgment on the state law claims which was filed and granted. The Court found that there was insufficient evidence supporting Plaintiff's claim that Vickers had breached his duty by drafting the EDRA. As to Plaintiff's claim that Vickers breached his fiduciary duty and was negligent in failing to advise EAI that two of the directors were violating securities laws through several stock transactions, the Court found that there was no evidence that the alleged violations harmed Plaintiff or EAI, though there was some evidence that Vickers knew of some of the claimed violations. This order resolved the remaining claims against Defendants who were therefore dismissed from the action with prejudice.

Defendants now move pursuant to 28 U.S.C. § 1927 and Federal Rule of Civil Procedure 11 for attorneys' fees as sanctions against Plaintiff Besing and Plaintiff's counsel, Romero and Associates, for what Defendants assert was vexatiously mulitplying the proceedings by pursuing "patently groundless claims." Costs have already been taxed against Plaintiffs.

## DISCUSSION

**I. Section 1927**

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the

3

> proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In *Braley v. Campbell*, the Tenth Circuit discussed the standard for awarding sanctions under § 1927:

> An attorney becomes subject to § 1927 sanctions 'by acting recklessly or with indifference to the law, as well as by acting in the teeth of what he knows to be the law. . . . A lawyer's reckless indifference to the law may impose substantial costs on the adverse party. Section 1927 permits a court to insist that the attorney bear the costs of his own lack of care.'

*Braley v. Campbell*, 832 F.2d 1504, 1511 (10th Cir. 1987) (quoting *In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir. 1985)). The Tenth Circuit has noted that § 1927 was not intended to lessen the zeal with which an attorney represents her or his clients and that the "'power to assess costs against an attorney under § 1927 . . . is a power that must be strictly construed and utilized only in instances evidencing a serious . . . disregard for the orderly process of justice." *Id.* at 1512 (quoting *Dreiling v. Peugeot Motors of America, Inc.*, 768 F.2d 1163, 1167 (7th Cir. 1968)) (internal quotation marks omitted). Considering these purposes, the Tenth Circuit held that the correct standard for imposing sanctions under § 1927 is not whether the attorney acted with subjective bad faith. Rather, such sanctions are proper "against an attorney personally for conduct, that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." *Id.* "Sanctions are appropriate, then, when an attorney is cavalier or bent on misleading the court, intentionally acts without a plausible basis, when the entire course of the proceedings was unwarranted, or when certain discovery is substantially unjustified and interposed for the improper purposes of harassment, unnecessary delay and to increase the costs of the litigation. *Miera v. Dairyland Insurance Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (citations and internal

quotation marks omitted).

Defendants assert that § 1927 sanctions are appropriate because Plaintiff's attorney failed to reasonably investigate and evaluate the claims against Defendants and because if he had conducted such an investigation he would have determined that Plaintiff's claims were meritless. In particular, Defendants aver that Plaintiff had no evidence supporting either that he suffered any damage from Defendants' alleged conduct or that Defendants had knowingly acted wrongly or colluded – necessary elements of Plaintiff's claims.

Further, Defendants assert that Plaintiff's pretrial tactics caused additional unnecessary delay and expense. Defendants refer to a case filed against Defendants and their attorneys in state court which, according to Defendants, required their attorneys to withdraw from the case and was "clearly designed to harass." *Defendants' Motion for Sanctions*, at 6. Though Defendants make this conclusory statement and aver that Plaintiffs' conduct evidences bad faith, they do not give the Court sufficient facts regarding the state suit against them for the Court to determine the potential culpability of Plaintiff's actions. Defendants also point to Plaintiffs' supposed "recalcitrant approach to discovery" and repeated, unjustified requests for extension of time, again without providing the Court with any specificity as to these claims.

Plaintiff does not respond to these § 1927 arguments with specificity, but rather argues that just because Plaintiff did not ultimately succeed in his litigation does not mean that he or his attorney should be sanctioned. Moreover, Plaintiff asserts that none of the actions upon which Defendants base their motions for sanctions evidence bad faith, but rather indicate zealous legal representation. Plaintiff states that his loss of the case is punishment enough. Defendants disagree, maintaining that they suffered extensive harm from Plaintiff's decision to maintain his

meritless action.

The Court finds that § 1927 sanctions are appropriate in this case. While the Court cannot conclude on the record before it that after a thorough investigation, Plaintiff's counsel should not have taken the case, it is clear to the Court that after discovery and the first round of summary judgment motions, it should have become clear that Plaintiff did not have a sufficient basis to maintain his case. The Court issued two summary judgment orders in July 1999, granting summary judgment on behalf of the Vickers Defendants as well as other Defendants. These orders pointed out several fatal flaws in Plaintiff's federal claims which were similarly fatal as to Plaintiff's state law claims. For example, in its July 14, 1999 Order, the Court found no evidence that Plaintiff had suffered damages as a result of the acts alleged. Plaintiff continued to press his case even though his state claims against Defendant were based on the same underlying acts. Accordingly, the Court determines that the proper amount of sanctions is the fees and costs Defendants expended defending against the last motion for summary judgment. Defendants propose three possible appropriate sanction amounts: (1) the total costs amount in defending the action from start to finish, (2) the costs from the time Plaintiff's counsel entered his appearance, and (3) the costs expended after the last deposition was taken. However, the Court finds that Plaintiff's attorney's actions in defending the action until the summary judgment motions cannot objectively be said to be in reckless disregard of his duties to the Court. Plaintiff's attorney clearly crossed that line in defending the last summary judgment motion, and therefore the fees reasonably expended in this regard are the proper sanction. *See Affiliated Ute Citizens of State of Utah v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 21 F.3d 1140 (Table) 1994 WL 142414 *2 (10th Cir.) (imposing $500 in § 1927 sanctions instead of the full attorney's fees

6

sought – those incurred in responding to the motion and appeal).

Within fourteen days of this order Defendants are to submit an affidavit indicating the fees and costs spent on their motion for summary judgment as to the state law claims, excluding costs already taxed.

## II. Rule 11

As another basis for the sanctions sought, Defendants rely on Federal Rule of Civil Procedure 11. However there is clear authority, to which Defendants properly cite, holding that a motion for Rule 11 sanctions may not be filed after judgment has been entered against the opposing party. *See Pendleton v. Central Correctional Facility*, 184 F.R.D. 637, 640 (D.N.M. 1999), *Miera v. Dairyland Insurance Co.*, 1997 U.S. Dist. LEXIS 7806 (D.N.M.). As the *Pendleton* court explained, a Rule 11 motion for sanctions will only be considered if it complies with the safe-harbor provision of Rule 11(c)(1)(A) which mandates that a Rule 11 motion be served on the opposing party before it is filed with the court to give that party 21 days to withdraw or correct the offending pleading. This provision is mandatory. *Pendleton*, 184 F.R.D. at 640 (citing *AeroTech v. Estes*, 110 F.3d 1523, 1528-29 (10th Cir. 1997)). Moreover, a Rule 11 motion for sanctions may not be filed after judgment is entered, but should be filed after the offending pleading is filed. *Id.* (citing cases). These rules bar Defendants' Rule 11 motion and Defendants have offered no persuasive argument as to why the Court should disregard this clear authority.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Sanctions **[Doc. No. 219]** is hereby **granted in part and denied in part**.  Defendants are hereby ordered to submit within

fourteen days of this order an affidavit indicating their fees and spent on their motion for summary judgment as to the state law claims, excluding costs already taxed. Plaintiff's attorney will be sanctioned this amount.

      **DATED** this 7th day of September, 2000.

                                                     _____
                                                       MARTHA VÁZQUEZ
                                                       U. S.  DISTRICT JUDGE

<u>Counsel for Plaintiff</u>
Joe M. Romero, Jr.

<u>Counsel for Defendants Bozarth & Vickers and Ellis Vickers</u>
Richard E. Olson