IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID J. BESING, Individually and
Derivatively on Behalf of
ENVIRONMENTAL
ADAPTATIONS, INC.,

       Plaintiffs,

vs.                                                        No. CV 95-1193 MV/WWD

JERRY FRANCE, MERVIN
CREAMER, MARGARET LEE,
LYNCO DISTRIBUTING, INC.,
GENE HEATLY, BOZARTH &
VICKERS, P.C., ELLIS VICKERS,

       Defendants.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' Affidavit, filed September 20, 2000 **[Doc. 225]**, pursuant to this Court's Order of September 7, 2000 [**Doc. 224**] awarding Defendants attorneys' fees as a sanction for Plaintiffs' reckless disregard of his duties to the Court. Finding only some of the amounts listed for defending the last motion for summary judgment reasonable and sufficiently identified, the Court will award only part of the amount requested, $7,860.70. The Court denies Defendants' request to be reimbursed for costs spent in pursuing the motion for sanctions.

This Court, in its September 7, 2000 order awarding Defendants attorneys' fees, awarded only those fees and costs expended pursuing their last motion for summary judgment. The Court directed Defendants to submit an affidavit indicating the fees and costs spent on their last motion for summary judgment. When examining an attorney's fee claim, the district court should examine the hours spent on each task to determine the reasonableness of the hours reported. *See Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000) (citing *Ramos v. Lamm*,

713 F.2d 546, 554 (10th Cir.1983) (reviewing award of attorney's fees under 42 U.S.C. § 1988)). The district court, however, does not have to justify every hour allowed in awarding attorney's fees. *See Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir.1996). "[W]hat is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side." *Ramos*, 713 F.2d at 554.

The Court finds that some of the fees indicated in the Affidavit are not reasonable, particularly those listed in the July invoice. Defendants cite approximately 15 hours spent dealing with the evidence. However, most of the evidence relied upon in the second motion for summary judgment was also relied upon in Defendants' previous motion for summary judgment. The Court does not see why Defendants needed an additional 15 hours to review and "organize" evidence that was previously relied upon. Moreover, the descriptions in the July invoice are vague (i.e. "review of case file"; "continue review of case file") and do not sufficiently inform the Court (or opposing counsel) that the time spent was reasonable. The Court is also troubled that the July invoice does not state that the time expended was related to the second motion for summary judgment (although the Court accepts Mr. Olson's sworn Affidavit that all of the services attached to his Affidavit were those related to the second motion for summary judgment). Therefore, the Court will award $365.00, not $1,931.49, for the work indicated in the July invoice. This figure reflects 0.9 hours of Mr. Olson's time on July 26, 1999, one half hour of Ms. Zuschlag's time on July 26, 1999, one hour of Ms. Zuchlag's time to review the case file and one hour of Ms. Neill's time to review the case file, taxes and expenses.

Additionally, the Court finds that some of the time spent in the months of August and September working on the motion for summary judgment is excessive and not reasonable. Ms. Zuschlag spent approximately 40 hours working on the motion for summary judgment. The Court finds that Plaintiff's suggestion of calculating the amount spent on a per page or per

citation basis is arbitrary and declines to adopt that approach. However, considering, as Plaintiffs point out, that much of the motion for summary judgment and the reply are repetitive of earlier motions, 40 hours is not reasonable. Based upon the Court's understanding of the complexity of the issues, the Court determines that 30 hours is reasonable. Therefore, the Court will award $6,845.74 for the services rendered during August. The Court finds that the services rendered during the month of September are reasonable, and will award the full amount, $649.96. The total amount the Court will award to Defendants is therefore $7,860.70.

Finally, Defendants ask this Court to award them costs in pursuing the motion for sanctions. This the Court will not do. The Court's previous order stated that Defendant was entitled only to costs expended in pursuing the final motion for summary judgment. *See Steffens v. Steffens*, 221 F.3d 1353 (Unpublished), 2000 WL 702390, *6 (10th Cir. 2000) (no abuse of discretion when District Court, based on its own review of the record, disallowed all of the fees and costs that defendants had requested for pursuing the § 1927 sanctions).

**IT IS THEREFORE ORDERED** that Plaintiffs' counsel will pay Defendants' attorneys fees and costs in the amount of $7,860.70 as a sanction for Plaintiffs' reckless disregard of his duties to the Court.

Dated this 6th day of February, 2001.

_____
MARTHA VAZQUEZ
U. S. DISTRICT JUDGE


Counsel for Plaintiff
Joe M. Romero, Jr.

Counsel for Defendants Bozarth & Vickers and Ellis Vickers
Richard E. Olson